

# The Attorney General of Texas

July 22, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George M. Cowden
Chairman
Public Utility Commission of Texas
7800 Shoal Creek Boulevard
Suite 400 N
Austin, Texas 78757

Opinion No. MW-212

Re: Whether the Texas Municipal Power Agency is a public utility under the Public Utility Regulatory Act

Dear Mr. Cowden:

You have requested our opinion as to whether the Texas Municipal Power Agency (TMPA) is excluded from the definition of "public utility" under the Public Utility Regulatory Act, and, if so, as to whether the Public Utility Commission of Texas has any original or appellate jurisdiction over the Texas Municipal Power Agency's rates and services.

The Texas Municipal Power Agency was created pursuant to article 1435a, section 4a(a), V.T.C.S., which provides in part:

> In order to more readily accomplish the purposes of this Act, two or more public entities by concurrent ordinances may create a joint powers agency to be known as a municipal power agency, without taxing power, as a separate municipal corporation, a political subdivision of the state, and body politic and corporate, to have and exercise all of the powers which are by Chapter 10 of Title 28, Revised Civil Statutes of Texas, 1925, as amended, and this Act, conferred upon a public entity or entities, provided that such agency shall not be authorized to engage in any utility business other than generation, transmission, and sale or exchange of electric energy to the participating public entities and to private entities who are joint owners with the agency of an electric generating facility located within the state.

Section 3(c) of the Public Utility Regulatory Act, article 1446c, V.T.C.S., provides:

> The term 'public utility' or 'utility,' when used in this Act, includes any person. . . other than a municipal corporation. . . now or hereafter owning or operating for compensation in this state equipment or facilities for:
>
> (1) producing, generating, transmitting, distributing, selling, or furnishing electricity ('electric utilities' hereinafter)

Because the TMPA is a municipally owned utility authorized to engage in the generation, transmission, and sale or exchange of electric energy at a wholesale level only, it is our opinion that it is specifically excluded from the definition of "public utility" as contained in section 3(c) of the Public Utility Act.

In light of our above response, you ask if the Public Utility Commission has any original or appellate jurisdiction over the rates and services of TMPA. The term rate is defined in section 3(d) of the Public Utility Act as a charge, toll, fare, tariff, etc. charged by a public utility. The definition of regulatory authority contained in 3(g) of the act includes the Public Utility Commission of Texas. Since section 37 of the act grants original jurisdiction to the Public Utility Commission as a regulatory authority over the rates of a public utility only, it is our opinion that the Commission has no original jurisdiction over the rates of the TMPA.

Furthermore, the Commission exercises no appellate jurisdiction over the rates charged by the TMPA because the TMPA is not subject to the rate making authority of any municipality. V.T.C.S. art. 1435a, §4a(g); V.T.C.S. art. 1446c, §§3(c), 3(d), 22, 23, 26.

Article VII of the Public Utility Act does not confer jurisdiction upon the Commission to regulate the service offerings of TMPA nor the authority to certify its operations because section 49 of that article limits the applicability of Article VII to municipally owned utilities offering retail utility service only. The TMPA may not offer retail utility services by statute. V.T.C.S. art. 1435a, §4a(a). It is also our opinion that the first sentence of section 16 of the Public Utility Act does not confer any jurisdiction upon the Commission to regulate the services offered by the TMPA or its business affairs.

It is our opinion, however, that the reporting requirements of section 27 of the Public Utility Act are applicable to the TMPA by virtue of the following provision:

> [f] or the purposes of this section, 'public utility' includes 'municipally owned utility.'

Sec. 27 (f).

## S U M M A R Y

The Texas Municipal Power Agency is not a public utility as defined in the Public Utility Regulatory Act and the Commission has no original or appellate jurisdiction over its rates and services. The TMPA is subject to the reporting requirements contained in section 27 of the Act.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Marty Terry
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Rick Gilpin
Marty Terry